IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| CHARLES R. ANDRUS,<br>   Plaintiff, | §<br>§<br>§ |
| VS. | §     CIVIL ACTION NO. B-00-073 |
| | § |
| WILLACY STATE JAIL,<br>   Defendant. | §<br>§<br>§ |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### APPLICATION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915 FOR CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983

Pending before this Court is plaintiff's, Charles R. Andrus, ("Mr. Andrus"), 42 U.S.C. § 1983 civil rights complaint (Docket No.1) and an application to proceed in forma pauperis pursuant to the provisions of 28 U.S.C. § 1915. (Docket No. 2).

### FACTUAL BACKGROUND

Mr. Andrus is an inmate at the Willacy State Jail in Raymondville, Texas. He alleges that while in prison, his civil rights were violated when he was slapped in the face by Sergeant J.J. Vella ("Sergeant Vella") on April 28th, 2000. Mr. Andrus filed a Step 1 Grievance on May 9th, but there is no record of a Step 2 Grievance, as required to properly exhaust all administrative remedies. However, the file does contain a personal letter written by Mr. Andrus stating that he had previously complained in writing to the head warden of the prison. Mr. Andrus is now seeking an investigation of the incident and a unit measure of discipline for Sergeant Vella. Mr. Andrus further states that the prison officials claim that they are still investigating the matter, but there is no record of an official

response in the file.

Mr. Andrus also submitted an application to proceed in forma pauperis on May 11th, 2000, for his civil rights claim against Sergeant Vella. His file does not contain an Inmate Trust Account Statement, as required by § 1915, but instead contains a personal statement from Mr. Andrus stating his current financial situation as an indigent.

## RECOMMENDATION

Mr. Andrus' application to proceed in forma pauperis (i.f.p.) on his civil rights complaint must adhere to the requirements as set forth under 28 U.S.C. § 1915. Subsection (e)(2)(B)(I) authorizes the court to dismiss a case at any time if the court determines that the action is frivolous. Additionally, the court, pursuant to its mandate under 28 U.S.C. § 1915A, shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, prisoners' civil rights actions in order to screen out frivolous claims for dismissal. A claim can be legally or factually frivolous. Factual allegations are frivolous when they are clearly baseless and legal theories are frivolous when they are indisputably meritless. A complaint which does not present an arguably sound basis in fact and law and which presents no facts which would warrant relief is frivolous. *James v. Alfred*, 835 F.2d 605 (5th Cir. 1988).

A person or prisoner pursuing a civil rights claim under 42 U.S.C. § 1983, must allege a specific constitutional injury caused by a person acting under any statute, ordinance, regulation, custom or usage of any state or territory of the United States. A state prison is not considered a person and thus cannot be held liable under §1983. *Hockaday v. Texas Dept. of Criminal Justice Pardons and Parole Div.*, 914 F. Supp. 1439 (S.D. Tex. 1996). However, a prison official is considered a person for purposes of a §1983 claim. When a prisoner brings a cause of action against

a prison official for a violation of his Eighth Amendment right, the prisoner must show that the official acted with unreasonable or excessive force which resulted in serious physical or mental injuries to the prisoner. Factors that should be weighed in order to determine whether the force was excessive or unreasonable include the need for the amount of force used, any threat perceived by the prison official, the relationship between the need and amount of forced used and any efforts made to temper the severity of the forceful response. *Shabazz v. Lynaugh*, 974 F.2d 597 (5th Cir. 1992). *See*, e.g., *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997) (Inmate's alleged injury consisting of sore, bruised ear lasting for three days, for which he did not seek medical treatment, was de minimus); *Wesson v. Ogles*, 910 F.2d 287 (5th Cir. 1990) (Prisoner's claims of excessive force were properly dismissed as frivolous where he sustained no serious injury from guard's use of a choke hold and placing him in handcuffs).

Mr. Andrus should not be allowed to proceed with his 42 U.S.C. § 1983 claim, as it is frivolous and should be dismissed. Mr. Andrus' claim, that his civil rights were violated when he was slapped by Sergeant Vella, does not have a realistic chance for success. Firstly, the defendant, Willacy State Jail, is not considered a "person" who can be held liable under § 1983. Secondly, under the test set forth in *Shabazz*, the facts of this case, as presented by Mr. Andrus, do not indicate that the sergeant's conduct was excessive or unreasonable. Although there is no information regarding the specific circumstances surrounding the questionable conduct, even if we assume that the slap was completely unwarranted or unprovoked, Mr. Andrus did not allege any serious physical injury. Consequently, Mr. Andrus' claim does not have an arguably sound basis in law and is therefore frivolous.

IT IS **RECOMMENDED** that the court **DISMISS** Mr. Andrus' civil rights complaint, as

3

it is frivolous.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to-proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas on this 20th day of June, 2000.

                                John Wm. Black
                                United States Magistrate Judge

4